**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
|       Plaintiff, ) | No.  CR 14-1500-TUC-CKJ |
| vs. ) | |
| James David Kline, ) | **ORDER** |
|       Defendant. ) | |

The Court has reviewed and considered the Amended Motion for Early Termination of Supervised Release (Doc. 122) filed by Defendant James David Kline ("Kline").  The government has not filed a response, but the motion indicates the assigned A.U.S.A. does not object to an early termination.  However, the motion also indicates the probation officer objects to an early termination.  Additionally, the Court has received input from the probation officer.

*Procedural History*

On March 5, 2015, Kline pleaded guilty to Transportation of Illegal Alien for Profit, Placing Any Person in Jeopardy of Life.  On June 5, 2015, this Court sentenced Kline to a 41 month term of incarceration to be followed by a 36 month term of supervised release.  On December 18, 2019, the Court ordered additional conditions be added to Kline's supervised release.

On July 9, 2021, Kline filed his Amended Motion for Early Termination of Supervised Release.  He asserts he has completed more than half of his term of supervised release and

1  requests an early termination.[1]

2

3  *Early Termination of Supervised Release*

4      The Court may:

5      after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C),
       (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release
6      and discharge the defendant released at any time after the expiration of one year of
       supervised release, pursuant to the provisions of the Federal Rules of Criminal
7      Procedure relating to the modification of probation, if it is satisfied that such action
       is warranted by the conduct of the defendant released and the interest of justice[.]
8
   18 U.S.C. 3583(e)(1). These factors concern "'general punishment issues such as deterrence,
9
   public safety, rehabilitation, proportionality, and consistency,'" as well as the need for
10
   restitution. *United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298 *2 (E.D.Cal.
11
   2012), (citations omitted). An offender has the burden to demonstrate that early termination
12
   of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir.
13
   2006).
14
       Federal "[c]ourts have generally held that something more than compliance with the
15
   terms of probation is required to justify early termination [pursuant to 18 U.S.C. §
16
   3583(e)(1)]. Early termination is usually granted only in cases involving changed
17
   circumstances, such as exceptionally good behavior." *United States v. Hawatmeh*, No. LA
18
   CR 08-00385-VBF-3, 2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014) (citations
19
   omitted). A defendant typically carries his burden "by alerting the district court to
20
   'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and
21
   analysis." *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (quoting *United States*
22
   *v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Changed circumstances may include
23
   "exceptionally good behavior by the defendant" or other factors that "render a previously
24
   imposed term or condition of release either too harsh or inappropriately tailored to serve the
25
   general punishment goals of section 3553(a)." *Miller*, 205 F.3d at 1001 (quoting *United*
26

27
       [1]Kline states he has completed over half of his term of "probation." The Court accepts
28  this statement as reference to his term of supervised release.

*States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) ). Indeed, the Ninth Circuit has stated:

> A defendant's "exceptionally good behavior" may render a previously-imposed sentence inappropriate or too harsh, but as the district courts of our circuit have repeatedly recognized, mere compliance is to be expected. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir.2000) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997)); *United States v. Bauer*, No. 5:09–cr–00980, 2012 WL 1259251, at *2 (N.D.Cal. Apr. 13, 2012) (it is "apparent that the reasons cited by Defendant—compliance with release conditions, resumption of employment and engagement of family life—are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); *United States v. Grossi*, No. CR–04–40127, 2011 WL 704364, at *2 (N.D.Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

*United States v. Emmett*, 749 F.3d 817, 824 n. 2 (9th Cir. 2014). Further, because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

Here, the Court considers the circumstances of the offense, Kline's history and characteristics, and recent law enforcement contact. The Court also considers that Kline has fairly consistently complied with supervised release, but not in a complete fashion. For example, while he typically submits monthly reports, the submitted reports are blank. He has also failed to practice skill building, informing the probation officer he is not amenable to learning any skill building techniques. The Court finds that, while an early termination is not inconsistent with policy statements of the Sentencing Commission,[2] an early termination of supervised release in this case is not appropriate. Indeed, Kline's performance on supervised release has merely been mediocre. Early termination would not adequately deter criminal conduct or reflect the seriousness of the conviction.

The burden is on Kline to justify an early termination of supervised release. Kline has not shown any exceptionally good behavior or other changed circumstances to warrant a

---

[2]"[T]he Commission has not promulgated any guidelines or policy statements addressing early termination of supervised release, but limited its policy guidance to violations of supervised release." *United States v. Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017) (citing U.S.S.G., Ch. 7, Pts. A & B).

1   modification of his release. Additionally, the Court considers the opposition to the request

2   by the probation officer. The Court will deny the request for early termination of supervised

3   release. However, the Court encourages Kline to successfully complete his term of

4   supervised release as this is an important part of sentencing.

5

6       Accordingly, IT IS ORDERED:

7       1.    The Amended Motion for Early Termination of Supervised Release (Doc. 122)

8   is DENIED.

9       2.    The Clerk of Court shall provide a copy of this Order to U.S. Probation Officer

10   Claudia M. Quintero.

11       DATED this 16th day of July, 2021.

12

13

14                         Cindy K. Jorgenson
                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -